UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FLY ALL WAYS, N.V.
A foreign Surinamese company,

    Plaintiff,                                            Case No.: 6:23-cv-877

v.

AVOCET AVIATION SERVICES, LLC,
a Florida limited liability company.

    Defendant.
_____ /

## COMPLAINT

Plaintiff, FLY ALL WAYS, N.V., (hereinafter, "Fly All Ways"), hereby files its Complaint against Defendant, AVOCET AVIATION SERVICES, LLC, (hereinafter "Avocet") and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Fly All Ways is a Surinamese company with its principal place of business situated in Paramaribo, Suriname.

2. Fly All Way's sole member, an individual, is a citizen of Suriname with his primary residence in Paramaribo, Suriname.

3. Defendant, Avocet, is a Florida limited liability company duly organized and existing under the laws of the State of Florida with a principal place of business located at 2551 Hellcat Ln Bldg. 547, Sanford, FL 32773 SE, and may be served with process at that address.

4. To Plaintiff's knowledge and belief, Avocet's members are residents of Florida.

5. The Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in this District.

7. Venue is also proper in this Court as the Aircraft which is the subject of this dispute is currently located in Sanford, Florida and has been in Sanford, Florida since 2019.

8. All conditions precedent to bringing this Action have either occurred or been waived.

## FACTS APPLICABLE TO ALL COUNTS

9. Fly All Ways is a Surinamese company located in Suriname that is involved in the aviation industry.

10. Fly All Ways owns a BOEING 737-400, manufacturer's serial number 27191, bearing U.S. registration number N650CS with two (2) GE CF-34AI engines with manufacturer's serial numbers 807145 and 807144, one (1) Honeywell GTCP36-100(E) model auxiliary power unit with manufacturer's serial number P-430 (the "Aircraft").

11. Avocet is a Florida limited liability company, with aircraft maintenance facilities located in Sanford, Florida and Lakeland, Florida.

12. In or around May 2019, Fly All Ways and Avocet entered into an Aircraft Services Agreement ("Agreement") whereby Avocet agreed to provide maintenance services to the Aircraft.

13. Avocet agreed to perform specific services, and Fly All Ways agreed to purchase said services for the Aircraft at the rates specified in the Agreement.

14. Fly All Ways has expended a massive undertaking, both in time and finances, to consummate and complete this transaction.

15. Avocet has breached the Agreement and, upon information and belief, based upon the current status of the Aircraft, Avocet will continue to breach the Agreement.

16. Avocet's breaches have caused Fly All Ways significant and ongoing damages.

17. Avocet was also negligent in its handling of the Aircraft while in its care.

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

18. On or about September 21, 2022. Fly All Ways warned Avocet of fast-approaching, Category 5 Hurricane Ian.

19. At that time, Fly All Ways requested that Avocet secure the Aircraft during the storm to prevent any damage to the Aircraft.

20. Avocet provided Fly All Ways with assurances that Avocet would secure and protect the Aircraft during the storm.

21. Nevertheless, despite its promises, Avocet failed to protect the Aircraft from Hurricane Ian.

22. As a result, the Aircraft sustained significant and costly damage from the storm in or around late September 2022.

23. Fly All Ways has been required to retain the services of the undersigned legal counsel to pursue its legal rights. Therefore, the Plaintiff is obligated to pay the undersigned law firm reasonable attorneys' fees for services rendered and seeks reimbursement from the Defendant for all legal fees and costs incurred in this action pursuant to the Agreement.

## **COUNT I – NEGLIGENT MAINTENANCE**

24. Plaintiff, Fly All Ways, hereby incorporates its allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. At all times material hereto, Avocet held possession, supervision, and control over the Aircraft, the property of Fly All Ways.

26. Avocet had a duty to Fly All Ways to maintain and complete the requested services on the Aircraft in a timely manner before returning the Aircraft to Fly All Ways pursuant to the terms of the Agreement.

27. Avocet also had a duty to protect and preserve the Aircraft while under its supervision and care.

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

28. Avocet's breach of its duty of care in maintaining, protecting, preserving, and/or servicing the Aircraft prior to returning the Aircraft is the proximate cause of Fly All Ways' damages, including cost of repair and replacement of damages to the Aircraft, loss of use of the Aircraft, loss of revenue and loss of anticipated profits from operation of the Aircraft due to the extended downtime required for servicing the Aircraft into airworthy condition.

29. As a result of Avocet's breach, Fly All Ways has been damaged and continues to be damaged.

30. Accordingly, Avocet is liable to Fly All Ways for damages.

WHEREFORE, Plaintiff, Fly All Ways, respectfully requests that this Honorable Court find in its favor and award Plaintiff all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, and all such other and further relief this Court deems just and proper.

## COUNT II – NEGLIGENT MISREPRESENTATION

31. Plaintiff, Fly All Ways, hereby incorporates its allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

32. Avocet negligently supplied false information to foreseeable persons, including Fly All Ways, by representing that the Aircraft would be returned to the owner in a good operating and airworthy condition in a timely manner consistent with industry standards.

33. Fly All Ways reasonably relied on the false information represented by Avocet.

34. Fly All Ways was forced to incur costs and expenses for repair and service of the Aircraft, and other damages, in bringing the Aircraft to an airworthy condition due to Avocet's failure to perform adequate services. In addition, Avocet's failure to maintain the Aircraft and repair the Aircraft to an airworthy condition, cost Fly All Ways lost profits and loss of use.

WHEREFORE, Plaintiff, Fly All Ways, respectfully requests that this Honorable Court find in its favor and award Plaintiff all recoverable damages together with interest thereon as provided

4

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

by law, including attorney's fees and costs, and all such other and further relief this Court deems just and proper.

## COUNT III - NEGLIGENCE

35. Plaintiff, Fly All Ways, hereby incorporates its allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

36. Avocet had a duty to Fly All Ways to thoroughly maintain, preserve, and protect the Aircraft in an airworthy condition, and failed to identify, document, report, repair, protect and/or properly preserve the Aircraft and its component parts.

37. Avocet's breach of its duty of care in negligently inspecting the Aircraft, failing to completely report and document extensive damage found on the Aircraft, failing to protect the Aircraft from the storm, and failing to properly preserve pertinent parts of the Aircraft is the proximate cause of Fly All Ways' damages, including physical damage to the Aircraft, loss of use of the Aircraft, loss of revenue and loss of anticipated profits from operation of the Aircraft due to downtime required for servicing the Aircraft and bringing it back to an airworthy condition.

38. As a result of Avocet's breach, Fly All Ways has been damaged and continues to suffer damages.

39. Accordingly, Avocet is liable to Fly All Ways for the damage caused by Avocet's negligence.

WHEREFORE, Plaintiff, Fly All Ways, respectfully requests that this Honorable Court find in Fly All Ways' favor and award all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, together with such other and further relief this Court deems just and proper.

## COUNT IV- GROSS NEGLIGENCE

40. Plaintiff, Fly All Ways, hereby reincorporates its allegations set forth in paragraphs 1 through 23 as if fully set forth herein.



41. Avocet owed a duty to Fly All Ways to thoroughly preserve, protect, and maintain the Aircraft and assure its airworthiness.

42. Avocet's actions and/or omissions in failing to maintain, protect, and/or preserve the Aircraft, evidence its reckless disregard for the safety of the Aircraft, the safety of Fly All Ways and the safety of the public, and its acts and/or omissions are equivalent to an intentional act or a conscious indifference to the consequences of an act.

43. As a result of the foregoing, Fly All Ways was damaged and continues to be damaged.

44. Fly All Ways reserves the right to amend this cause of action to add punitive damages.

WHEREFORE, Plaintiff, Fly All Ways, respectfully requests that this Honorable Court find in Fly All Ways' favor and award all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, together with such other and further relief this Court deems just and proper.

## COUNT V – BREACH OF CONTRACT

45. Plaintiff, Fly All Ways, hereby incorporates its allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

46. Avocet and Fly All Ways entered a valid contract for consideration for the maintenance and repair of the Aircraft while in possession of Avocet.

47. Fly All Ways completed all its duties and obligations under the Agreement, including but not limited to making payments for the maintenance of the Aircraft.

48. Avocet has materially breached its contractual obligations to Fly All Ways by failing to manage, maintain, protect, preserve, deliver and/or return the Aircraft to Fly All Ways in compliance with the terms of the Agreement.

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

49. Fly All Ways has sustained actual damage and loss as described above as a direct and proximate result of the Defendant's material breach of contract, of which due notice has been provided to Avocet, and which Avocet has failed and refused to remedy.

WHEREFORE, Plaintiff, Fly All Ways, respectfully requests that this Honorable Court find in its favor and award Plaintiff all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, and all such other and further relief this Court deems just and proper.

## COUNT VI - FRAUD IN THE INDUCEMENT

50. Plaintiff realleges and incorporates herein by reference each allegation contained in Paragraphs 1 through 23, as if fully set forth herein.

51. Patrick Arellano, Sr. on behalf of Avocet misrepresented to Amichand Jhauw of Fly All Ways through the Agreement and via oral representations, that Avocet could maintain, protect, and repair the Aircraft and bring the same to an airworthy condition in a timely manner consistent with industry standards.

52. Mr. Patrick Arellano, Sr., who acted on behalf of Avocet, knew or should have known that Avocet would not be able to repair, protect, nor maintain the Aircraft in a manner and timeframe consistent with industry standards.

53. Mr. Patrick Arellano, Sr. on behalf of Avocet intentionally made this misrepresentation to Amichand Jhauw of Fly All Ways to induce Fly All Ways to enter into the Agreement for the maintenance and repair of the Aircraft, and to obtain monetary payment from Fly All Ways.

54. Amichand Jhauw of Fly All Ways did in fact justifiably rely on Mr. Patrick Arellano, Sr.'s misrepresentations by entering into the Agreement for the maintenance and repair of the Aircraft and tendering monetary payment to Avocet prior to the delivery of the Aircraft pursuant to the Agreement.

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

55. As a result of Mr. Patrick Arellano, Sr.'s, on behalf of Avocet's, misrepresentation, Fly All Ways has been dispossessed of significant monetary funds, and has received nothing in return for this consideration.

56. Fly All Ways has suffered and continues to suffer damages.

57. Fly All Ways demands punitive damages against Avocet.

58. Fly All Ways has engaged the undersigned attorney to represent its interests in the matter and is entitled to recover its attorney fees and costs from Avocet in accordance with the Agreement.

WHEREFORE, Fly All Ways respectfully requests that this Court enter judgment in favor of Plaintiff for all recoverable damages, including but not limited to punitive damages, attorney fees, and for all other relief this Court deems just and proper.

## COUNT VII - FRAUD

59. Plaintiff realleges and incorporates herein by reference each allegation contained in Paragraphs 1 through 23, as if fully set forth herein.

60. Patrick Arellano, Sr. on behalf of Avocet misrepresented to Amichand Jhauw of Fly All Ways through the Agreement and via oral representations, that Avocet could maintain, protect, repair the Aircraft and bring the same to an airworthy condition in a timely manner consistent with industry standards.

61. Mr. Patrick Arellano, Sr., who acted on behalf of Avocet, knew or should have known that Avocet would not be able to repair, protect, nor maintain the Aircraft in a manner and timeframe consistent with industry standards.

62. Mr. Patrick Arellano, Sr. on behalf of Avocet intentionally made this misrepresentation to Amichand Jhauw of Fly All Ways to induce Fly All Ways to enter into the Agreement for the maintenance and repair of the Aircraft, and to obtain monetary funds from Fly All Ways.

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

63. Amichand Jhauw of Fly All Ways did in fact justifiably rely on Mr. Patrick Arellano, Sr.'s misrepresentations by entering into the Agreement for the maintenance and repair of the Aircraft and tendering significant monetary funds to Avocet prior to the delivery of the Aircraft pursuant to the Agreement.

64. As a result of Mr. Patrick Arellano, Sr.'s misrepresentation made on behalf of Avocet, Fly All ways has been dispossessed of significant monetary funds, and has received nothing in return for this consideration.

65. Fly All Ways has been damaged in that the Aircraft was not timely delivered.

66. Fly All Ways continues to be damaged as the Aircraft has still not been delivered.

67. Fly All Ways demands punitive damages against Avocet.

68. Fly All Ways has engaged the undersigned attorney to represent its interests in the matter and is entitled to recover its attorney fees and costs from Avocet in accordance with the Agreement.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff for all recoverable damages, including but not limited to punitive damages, attorney fees, and for all other relief this Court deems just and proper.

## COUNT VIII – UNJUST ENRICHMENT

69. Plaintiff, Fly All Ways, hereby incorporates its allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

70. Fly All Ways has conferred benefits on Avocet.

71. Avocet has knowledge of and is aware of the benefits conferred upon it by Fly All Ways.

72. Avocet has accepted and retained the benefits conferred by Fly All Ways.

73. Under the circumstances, it would be inequitable for Avocet to retain the benefits conferred without paying the full value for them.

9



WHEREFORE, Plaintiff, Fly All Ways, respectfully requests that this Honorable Court find in Plaintiff's favor and award all recoverable damages, together with costs of this action, pre- and post-judgment interest as permitted by law, together with such other and further relief this Court deems just and proper.

## COUNT IX - CONVERSION

74. Fly All Ways realleges and incorporates the allegations set forth in Paragraphs 1-23 above as if fully set forth herein.

75. This is an action for Conversion of Fly All Ways' personal property by the Defendant.

76. At all times herein mentioned, Fly All Ways was, and still is, the owner and was, and still is, entitled to the immediate possession of the Aircraft.

77. Upon information and belief, Avocet possessed and currently possesses the Aircraft knowingly, unlawfully, maliciously and with the intent to indefinitely deprive Fly All Ways of the Aircraft.

78. Avocet has, without the consent of Fly All Ways, converted to Avocet's own use the above-described property.

79. Fly All Ways has made a demand for return of the Aircraft, but Avocet has failed and refused to return the Plaintiff's property.

80. As a direct and proximate result of wrongful acts of the Defendant, Fly All Ways has suffered damages.

81. As a direct result of Avocet's conversion of the Aircraft and Avocet's continuing failure and refusal to return the Aircraft, Fly All Ways was required to retain counsel and is obligated to pay its counsel a fee.

82. Plaintiff is entitled to an award of attorney's fees pursuant to Fla. Stat. § 57.105.

10

aero Law Center

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

WHEREFORE, Plaintiff, Fly All Ways, demands judgment in its favor and against the Defendant, for damages, prejudgment interest from the date that the funds were converted by the Defendant; attorneys' fees and costs incurred in bringing this action and such other and further relief this court deems proper.

## COUNT X - TRESPASS TO CHATTELS

83. Fly All Ways re-alleges and re-avers paragraphs 1 through 23 as if fully set forth herein.

84. Avocet has refused to return the Aircraft to Fly All Ways despite demand to do so, even though the Aircraft rightfully belongs to Fly All Ways.

85. It was and is Avocet's intention to retain the possession of the Aircraft even though it did not and does not hold good and marketable title to it, and despite Fly All Ways' demand for the return of the Aircraft that lawfully belongs to Fly All Ways.

86. By refusing to tender possession of the Aircraft to Fly All Ways, Avocet has deprived and continues to deprive Fly All Ways of the Aircraft that legally belongs to it.

87. As a result of the refusal to tender possession of the Aircraft to Fly All Ways, Fly All Ways has been and continues to be damaged.

WHEREFORE, Fly All Ways respectfully requests that this Court enter judgment in its favor and against Avocet for damages, plus interest, costs and all other and further relief this Court deems just and proper under the circumstances.

## COUNT XI – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES

88. Plaintiff, Fly All Ways, hereby reincorporates its allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

89. This is a claim brought pursuant to Chapter 501, known as the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), for damages resulting from Avocet's deceptive, unfair, and unconscionable trade acts and practices.

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM

90. At all material times to this action, Avocet was engaged in "trade and commerce" as defined in § 501.203 (8), Fla. Stat., by advertising, soliciting, providing, and offering aircraft maintenance and inspection services.

91. The acts and omissions of Avocet alleged herein constitute unconscionable acts or practices, and unfair or deceptive acts or practices under § 501.204(1).

92. As a result of the unconscionable, unfair, and deceptive acts or practices of Defendant, Fly All Ways has been damaged.

93. Fly All Ways has engaged the services of the undersigned law firms to represent it in this matter and has agreed to pay reasonable attorneys' fees for the prosecution of this action. Avocet is responsible for payment of these attorneys' fees under § 501.211, Fla. Stat.

WHEREFORE, Plaintiff, Fly All Ways, demands judgment against Avocet for damages, interest, costs, expenses, attorneys' fees pursuant to § 501.211, Fla. Stat. and all other relief permitted by law.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: May 11, 2023.

**AERO LAW CENTER**
*Attorneys for Plaintiff*
Ft. Lauderdale-Hollywood Int'l Airport
1100 Lee Wagener Blvd., Suite 211
Fort Lauderdale, FL 33315
Telephone:  (954) 400-4643
Email:  marrero@aerolawcenter.com
  ewing@aerolawcenter.com
  service@aerolawcenter.com

*/s/ Kristin Marrero, Esq.*
Jonathan A. Ewing, BCS
FBN: 40972
Kristin Marrero, Esq.
FBN:  109715

FT. LAUDERDALE-H'WOOD INT'L AIRPORT, 1100 LEE WAGENER BLVD., SUITE 211, FT. LAUDERDALE, FL 33315 | T. 954.400.4643 | F. 954.210.8431 | SERVICE@AEROLAWCENTER.COM